```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JULIAN ANTONIO BATISTA, a/k/a
ALBERTO SANTIAGO,

                Plaintiff,
                                          MEMORANDUM & ORDER
        -against-                         13-CV-2862(JS)(GRB)

THE STATE OF NEW YORK SUFFOLK
COUNTY, THE SUFFOLK COUNTY
CORRECTION FACILITY ADMINISTRATION,
THE SUFFOLK COUNTY SHERIFF
CORRECTIONAL DEPARTMENT
ADMINITRATION [sic], C.O. MR. C.
JOJOSAMANASCA SHIELD # 1199, C.O.
JOHN DOE SHIELD # 916, C.O. MR. KOCH,
MS. JOHN [JANE] DOE DEPT. THAT
WORK[ED] ON THE 3:00 P.M. TO 11:00 P.M.
SHIFT ON APRIL 28, 2010, MR. JOHN DOE
DOCTOR,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     Julian Antonio Batista, a/k/a
                   Alberto Santiago, pro se
                   8951001175
                   Rikers Island
                   NIC/OBCC
                   15-00 Hazen Street
                   East Elmhurst, New York 11370

For Defendants:    No appearance
```

SEYBERT, District Judge:

Presently pending before the Court is the pro se Complaint brought by incarcerated pro se plaintiff Julian Antonio Santiago a/k/a Alberto Santiago ("Plaintiff") pursuant to 42 U.S.C. § 1983 ("Section 1983") against the State of New York Suffolk County, the Suffolk County Correction Facility Administration, the Suffolk County Sheriff Correctional Department Administration, C.O.

Mr. C. Jojosamanasca Shield No. 1199, C.O. John Doe Shield No. 916, C.O. Mr. Koch, Ms. John [Jane] Doe Dept. that work[ed] on the 3:00 p.m. to 11:00 p.m. shift on April 28, 2010 and Mr. John Doe Doctor (collectively, "Defendants"). Accompanying the Complaint is an application to proceed in forma pauperis. Upon review of the declaration in support of the application to proceed in forma pauperis, the Court determines that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the action is sua sponte DISMISSED IN PART.

BACKGROUND[1]

Plaintiff's Complaint alleges that Plaintiff was denied medical treatment while at the Suffolk County Correctional Facility ("the Suffolk Jail") beginning on April 28, 2010 and that excessive force was used against him. (Compl. ¶¶ 1-2.) According to the Complaint, Plaintiff had been issued unspecified pain medication at "his previous facility" that was not provided to Plaintiff at the Suffolk Jail. (Id. ¶¶ 3-4.) Plaintiff visited the clinic at the Suffolk Jail on April 28, 2010 as was advised by "Doctor Jane Doe"

---

[1] All allegations in the Plaintiff's Complaint are presumed to be true for the purposes of this Memorandum and Order. See, e.g., Malcolm v. Honeoye Falls Lima Cent. Sch. Dist., No. 11-CV-4923, 2013 WL 1285880, at *1 (2d Cir. Apr. 1, 2013) (Summary Order) (in reviewing a pro se case for sua sponte dismissal, a court should assume that all allegations contained in the complaint are true (internal citations omitted)).

2

that the Suffolk Jail had not received Plaintiff's medical records from his previous facility and that she would review the records once they arrived to determine if Plaintiff should be given the requested medication. (Id. ¶ 4.) Plaintiff then left the clinic and was assaulted by two corrections officers, C. Jojosamasca Shield No. 1193 and John Doe Shield No. 916. (Id. ¶ 5.) Plaintiff describes that he was pulled off of his wheelchair, and then was hit and kicked in the nose, eyes, head, and ribs. (Id.) Plaintiff passed out during the assault and, as a result of the assault, sustained three cracked teeth, a broken nose and mouth, was bruised all over his body, and suffered two blood clots. (Id. ¶¶ 5, IV.A.) Plaintiff then was forced to walk to the shower, was given some clothes, and was taken in a wheelchair to a waiting area. (Id. ¶¶ 6-7.) Once in the waiting area, Plaintiff was forced to wear a "spit mask" so that the injuries to his face would be concealed. (Id. ¶¶ 7, IV.A.) A video recording was then taken of Plaintiff while he was still wearing the spit mask. (Id.) No medical treatment was provided to Plaintiff immediately following the April 30th assault. (Id.)

Plaintiff next alleges that he was screaming for medical attention on May 2, 2010 and, as a result, was again assaulted by John Doe Shield No. 916 along with another unidentified corrections officer. These officers grabbed Plaintiff, threw him onto his wheelchair and, inter alia, scratched Plaintiff's legs with open

3

handcuffs.  (Id. at ¶ 9.)  Plaintiff was seen by a doctor on May 2, 2010 for the injuries he alleges to have sustained during the April 28 and May 2, 2010 assaults.  (Id. ¶¶ 8-9.)  However, the John Doe Doctor who examined Plaintiff on May 2, 2010 refused to remove the spit mask, making it impossible for the doctor to properly examine Plaintiff's face and, as a result, proper medical treatment was not provided.  (Id. ¶ 8.)

Plaintiff also describes several incidents alleged to have occurred in August 2010 involving Defendant Officer Koch.[2]  On August 18, 2010, Officer Koch cursed at Plaintiff and asked Plaintiff some vulgar questions.  (Id. ¶ 10.)  On August 19 and 26, 2010, Officer Koch kicked Plaintiff's wheelchair on several occasions causing Plaintiff to suffer back pain.  (Id. ¶ 11.)  On August 26, 2011,[3] Plaintiff describes that the shower chair was not sturdy and when Plaintiff complained to Officer Koch about it, Officer Koch replied that he "did not care" and, shortly thereafter, the shower chair broke causing Plaintiff to fall to the floor.  (Id. ¶ 12.)  Officer Koch denied Plaintiff medical treatment for unspecified injuries as a result of this fall.  (Id.)

---

[2] The Court notes that Plaintiff spells this Defendant's name differently throughout the Complaint.  The name is spelled "Koch" in the caption of the Complaint but Plaintiff uses "Coch" in the body of the Complaint.  For clarity, the Court will refer to this Defendant as "Koch" in this Order.

[3] The Court notes that Plaintiff alleges that the August 26th incident occurred in 2011, not 2010.  (Id. ¶ 12.)

4

Finally, Plaintiff alleges that while riding a bus[4] on January 4, 2012 to Rikers Island, his wheelchair was not properly secured and, as a result, his wheelchair flipped over when the bus changed lanes at 55 miles per hour. (Id. ¶ 13.) Plaintiff suffered pain in his neck and back as a result. However, Plaintiff describes that he was taken to the medical department at Rikers Island upon his arrival. (Id.)

For relief, Plaintiff seeks only to "press criminal charges" against Officer John Doe Shield No. 916 and Officer Jojosamanasca Shield No. 1199.[5] (Id. ¶ V.)

---

[4] It is unclear from the Complaint whether this was a Suffolk County bus or a bus from Rikers Island.

[5] Though Federal Rule of Civil Procedure 8(a)(3) requires that a complaint include "a demand for the relief sought, which may include relief in the alternative or different types of relief," the failure of Plaintiff to include a demand for plausible judicial relief against each Defendant is not fatal to his claims at this early stage in the proceeding. See FED. R. CIV. P. 54(c)("[F]inal judgment should grant the relief to which each party is entitled even if the party has not demanded that relief in its pleadings."); see also Powell v. Nat. Bd. of Med. Examiners, 364 F.3d 79, 86 (2004), ("Under Rule 54(c) of the Federal Rules of Civil Procedure, a court can grant any relief to which a prevailing party is entitled, whether or not that relief was expressly sought in the complaint.") (citations omitted); opinion corrected on other grounds, 511 F.3d 238 (2d Cir. 2004); Burkina Wear, Inc. v. Campagnolo, S.R.L., No. 07-CV-3610, 2008 WL 1007634, *3 (S.D.N.Y. Apr. 9, 2008) ("[T]he availability of the specific relief requested pursuant to any count in the Complaint is not relevant to the question of whether [plaintiff] has stated a claim." (citing Ring v. Spina, 148 F.2d 647, 653 (2d Cir. 1945)) ("[P]laintiff is entitled to . . . rely on the court to award him such judgment as his case deserves; and at trial he will not be bound by his prayers [for relief].")).

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L.

Ed. 2d 868 (2009), aff'd, --- U.S. ----, 133 S. Ct. 1659, --- L. Ed. 2d ---- (Apr. 17, 2013). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 679 (citations omitted). The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." Iqbal, 556 U.S. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim

under Section 1983, a petitioner must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not create any independent substantive right; but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999); see also Rosa R. v. Connelly, 889 F.2d 435, 440 (2d Cir. 1989).

Here, though Plaintiff alleges claims of excessive force and the denial of adequate medical care, it is unclear from the Complaint whether he brings these claims under the Eighth Amendment or the Due Process Clause of the Fourteenth Amendment. Plaintiff does not allege whether he is a convicted prisoner or a pre-trial detainee. Such distinction is of no moment for purposes of this Order given that "the standard for deliberate indifference is the same under the Due Process Clause of the Fourteenth Amendment [or Fifth Amendment] as it is under the Eighth Amendment." Caiozzo v. Koreman, 581 F.3d 63, 70-71 (2d Cir. 2009); see also Cuoco v. Moritsugu, 222 F.3d 99, 106 (2d Cir. 2000).

In order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the

8

personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in Iqbal that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." 556 U.S. at 676. Thus, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010). With these standards in mind, the Court considers Plaintiff's claims against the Defendants.

A. Claims Against the Suffolk County Correction Facility Administration and the Suffolk County Sheriff Correctional Department Administration

Insofar as Plaintiff seeks to impose liability on unidentified members of the administration of the Suffolk County Correctional Facility or the Suffolk County Sheriff's Department, there are no factual allegations concerning any conduct or omissions by any such individuals. As set forth above, a plausible Section 1983 claim must allege the personal involvement of the defendant in the alleged constitutional violation. See supra pp.

9

8-9; Rivera, 655 F. Supp. 2d at 237; see also Warren v. Goord, 476 F. Supp. 2d 407, 413 (S.D.N.Y 2007) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" (quoting Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)) aff'd, 368 F. App'x 161 (2d Cir. 2010)). A supervisor cannot be liable for damage under Section 1983 solely by virtue of being a supervisor because there is no respondeat superior liability under Section 1983. Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003).

As is readily apparent, Plaintiff's Complaint does not include any factual allegations sufficient to demonstrate any personal involvement by the "administration" at either entity regarding any of the challenged conduct. Consequently, the Section 1983 claims asserted against them are not plausible and are DISMISSED WITHOUT PREJUDICE.[6]

    B.    <u>Claims Against the State of New York, County of Suffolk</u>

It is well-established that a municipality such Suffolk

---

[6] Similarly, insofar as Plaintiff seeks to sue the Suffolk County Correctional Facility or the Suffolk County Sheriff's Department, neither entity has an independent legal identity apart from Suffolk County and, thus, lacks the legal capacity to be sued. See, e.g., Trahan v. Suffolk Cnty. Corr. Fac., 12-CV-4353, 2012 WL 5904730, *3 (E.D.N.Y. Nov. 26, 2012) (dismissing claims against the Suffolk County Jail because it is an "administrative arm of Suffolk County, without a legal identity separate and apart from the County."); Barreto v. Suffolk Cnty., No. 10-CV-0028, 2010 WL 301949, *2 (E.D.N.Y. Jan. 20, 2010).

County cannot be held liable under § 1983 on a respondeat superior theory.  See Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008).  To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury."  Cash v. County of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, --- U.S. ----, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)), cert. denied, --- U.S. ----, 132 S. Ct. 1741, 182 L. Ed. 2d 528 (2012); see also Monell, 436 U.S. at 690-91.  "Local governing bodies . . . may be sued for constitutional deprivations pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels."  Monell, 436 U.S. at 690-691 (citations omitted).

To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality, see Connick, 131 S. Ct. at 1359; (2) actions taken or decisions made by municipal policymaking officials, i.e., officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights, see Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 126 (2d Cir. 2004); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000); (3) a practice "so persistent and widespread as to

11

practically have the force of law,"  Connick, 131 S. Ct. at 1359; see also Green v. City of N.Y., 465 F.3d 65, 80 (2d Cir. 2006), or that "was so manifest as to imply the constructive acquiescence of senior policy-making officials," Patterson v. Cnty. of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004) (internal quotation marks and citations omitted); or (4) that "a policymaking official exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates," Cash, 654 F.3d at 334 (internal quotation marks and citations omitted); see also Okin v. Vill. of Cornwall-on-Hudson Police Dep't, 577 F.3d 415, 439 (2d Cir. 2009) (finding that a municipal custom may be found when, "'faced with a pattern of misconduct, [the municipality] does nothing, compelling the conclusion that [it] has acquiesced in or tacitly authorized its subordinates' unlawful actions'" (quoting Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007))).

Here, even affording the pro se Complaint a liberal construction, there are no factual allegations from which the Court could reasonably construe a plausible Section 1983 cause of action against Suffolk County. Accordingly, Plaintiff's Section 1983 claims against Suffolk County are DISMISSED WITHOUT PREJUDICE.

D.  Claims Against C.O. Jojosamanasca Shield No. 1199, C.O. John Doe Shield No. 916, C.O. Koch, C.O. John Doe Doctor and Ms. John [Jane] Doe Doctor

Plaintiff's Section 1983 claims against C.O. Jojosamanasca Shield No. 1199, C.O. John Doe Shield No. 916, C.O.

12

Koch, C.O. John Doe Doctor, and Ms. John [Jane] Doe Doctor, though thin, shall proceed. Accordingly, the Court orders service of the Summons and Complaint upon C.O. Jojosamanasca Shield No. 1199 by the United States Marshal Service ("USMS"). However, the USMS will not be able to effect service of the Summonses and the Complaint on the unnamed Defendants without more information. The Second Circuit has held that district courts must provide incarcerated <u>pro se</u> litigants with reasonable assistance in investigating the identity of such "John Doe" defendants. See <u>Valentin v. Dinkins</u>, 121 F.3d 72, 75-76 (2d Cir. 1997) (<u>per</u> <u>curiam</u>). Accordingly, the Court hereby ORDERS: (1) that the Clerk of the Court serve a copy of the Complaint together with this Order on the Suffolk County Attorney; and (2) that the Suffolk County Attorney's Office attempt to ascertain the full names of: (a) the "John Doe" Suffolk County Correction Officer assigned Shield No. 916, (b) the "John Doe" doctor who is alleged to have examined the Plaintiff on May 2, 2010 at the Suffolk County Jail, and (c) the "Jane Doe" doctor who is alleged to have met with the Plaintiff on April 28, 2010 at the Suffolk County Jail, and to provide their names and address(es) where each such Defendant can be served to the Court and to Plaintiff within thirty (30) days of the date that this Order is served upon it. Once the information is provided to the Court by the Suffolk County Attorney's Office, Plaintiff's Complaint shall be deemed amended to reflect the full names of the unnamed

Defendants, Summonses shall be issued as to those Defendants, and the USMS shall serve those Defendants.

## CONCLUSION

For the reasons set forth above, the application to proceed in forma pauperis is GRANTED, but Plaintiff's claims against the State of New York County of Suffolk, the Suffolk County Correction Facility Administration, and the Suffolk County Correctional Department Administration are sua sponte DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A. Plaintiff's remaining claims shall proceed as set forth above and the Court ORDERS service of the Summons and Complaint upon C.O. Jojosamanasca Shield No. 1199 by the USMS. The Clerk of the Court shall forward a copy of the Complaint together with this Order to the Suffolk County Attorney, and the Suffolk County Attorney's Office shall attempt to ascertain the full names of the unnamed Defendants as set forth above and shall provide their names and address(es) where each such Defendant can be served to the Court and to Plaintiff within thirty (30) days of the date that this Order is served upon it. Once the information is provided to the Court by the Suffolk County Attorney's Office, Plaintiff's Complaint shall be deemed amended to reflect the full names of the unnamed Defendants, Summonses shall be issued as to those Defendants, and the USMS shall serve those Defendants.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is denied for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

                              SO ORDERED.

                              <u>/s/ JOANNA SEYBERT     </u>
                              Joanna Seybert, U.S.D.J.

Dated:    July <u>  10  </u>, 2013
           Central Islip, New York